UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| STANLEY J. CATERBONE, : | Case No. 05-23059REF |
| Debtor : | Chapter 11 |

| | |
|---|---|
| STANLEY J. CATERBONE : | |
| and ADVANCED MEDIA GROUP, : | |
| Plaintiffs : | |
| v. : | Adv. No. 06-2236 |
| : | |
| PPL ELECTRIC UTILITIES, : | |
| Defendant : | |

## MEMORANDUM OPINION

This Memorandum Opinion is filed, pursuant to Local Bankruptcy Rule 8001- 1(b),[1] in support of my August 16, 2006 bench Order, and my August 17, 2006 written Order,[2] denying without prejudice Plaintiffs' apparent request in a state court complaint (docketed in the Lancaster County Court of Common Pleas, Civil Action No. CI-06-07188 and removed to this court)("the state court complaint") for an "emergency stay" from the 10 Day Shut Off notice he allegedly received from Defendant on or about July 3, 2006, which I treated and construed, solely intended to benefit Debtor, as a Motion for Preliminary Injunction. I will begin this Memorandum with a brief description of the procedural history of this case.

On August 8, 2006, PPL Electric Utilities Corporation ("Defendant") filed a Notice of Removal in this Court, which removed to this Court, the state court complaint Plaintiff filed against it

---

[1] Local Bankruptcy Rule 8001-1(b) states:

> (b) <u>Opinion in Support of Order</u>. The bankruptcy judge whose order is the subject of an appeal may, within 15 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion.

[2] My August 17, 2006 written Order affirmed and adopted my August 16, 2006 bench Order denying without prejudice my construction of Plaintiff's apparent request for an "emergency stay" as a Motion for Preliminary Injunction.

on July 26, 2006. After reviewing Defendant's Notice of Removal and Plaintiff's state court complaint, which included in its caption the phrase "notice for expedited hearing," I noticed that Plaintiff's state court complaint sought an "emergency stay" from the 10 Day Shut Off notice he allegedly received from Defendant on or about July 3, 2006. Specifically, Plaintiff alleged in the state court complaint that Defendant had terminated Plaintiff's electric service on or about July 25, 2006. As a result, Plaintiff's state court complaint alleged that "Plaintiff is now without electricity and is further stalled from continuing all litigation before the Commonwealth of Pennsylvania Common Pleas Court, the United States District Court of the Eastern District of Pennsylvania, and the United States Bankruptcy Court for the Eastern District of Pennsylvania." Plaintiff's state court complaint, ¶13. Plaintiff further alleged that he "is also at risk to his person, property, and all assets located at 220 Stone Hill Road, due to the fact that the Plaintiff has no emergency phone service." Plaintiff's state court complaint, ¶14.

Because Plaintiff is proceeding pro se, I construed his requests in the light most favorable to him. Because Plaintiff's state court complaint included in its caption a "request for expedited hearing" and sought emergency relief, and viewing the allegations and requests for relief contained in Plaintiff's state court complaint in the light most favorable to Plaintiff, I decided to treat Plaintiff's request for an emergency stay as a Motion for Preliminary Injunction and to treat Plaintiff's request for expedited hearing as a Motion for Expedited Hearing. I then instructed my Courtroom Deputy to follow my normal procedure for such Motions, and she placed a phone call to Plaintiff on August 8, 2006. It appears that Plaintiff may have had telephone service at that time because, although Plaintiff did not answer, the phone call was answered by Plaintiff's answering machine and my Courtroom Deputy left a message for Plaintiff advising him that we received the Notice of Removal of his state court complaint, that he should file a Motion for Expedited Hearing with a proposed Order granting same, and that he should return her telephone call as soon as possible.

When Plaintiff did not return the telephone call within two days, I nonetheless prepared and signed an Order on August 10, 2006 scheduling Plaintiff's request for an emergency stay, which I

treated as a Motion for Preliminary Injunction, for expedited hearing to be held on Wednesday, August 16, 2006 at 11:00 a.m. The Bankruptcy Noticing Center mailed this to Plaintiff on Saturday, August 12, 2006, by first-class mail, addressed to Plaintiff at 220 Stone Hill Rd., Conestoga, PA 17516 (which is the address Plaintiff has on file with this Court).

On the morning of the August 16 hearing, my staff alerted me that Plaintiff was not present for the 11:00 a.m. hearing. I waited until 11:05 a.m. to go on the record, at which time I noted on the record that Plaintiff was not yet present, and that I would recess court until 11:10 a.m. to begin the hearing. I reconvened the hearing at 11:12 a.m., at which time I noted on the record that Plaintiff was not present in court. I also noted, at 11:15 a.m., that neither I, my Chambers' staff, the Clerks' Office staff, nor Defendant or its counsel had heard anything from Plaintiff regarding the scheduling of this expedited hearing. I further noted that perhaps Plaintiff had not received notice of the hearing

I then stated that I would not sanction Plaintiff for his failure to appear at the hearing because the expedited hearing on the preliminary injunction was not scheduled at Plaintiff's request, but rather was scheduled by me, based upon my construction of Plaintiff's request for emergency relief as a motion for preliminary injunction. I thereafter stated on the record that the matter scheduled before me was not a final hearing on the merits, and that Plaintiff would not be prejudiced by his failure to appear or by the decision I would thereafter render, and that he would be free to revisit the issue in the future. I then entered a bench Order, at 11:19 a.m denying, without prejudice, my construction of Plaintiff's request for emergency relief as a Motion for Preliminary Injunction due to Plaintiff's failure to appear to pursue his request for emergency relief.

As noted earlier, I thereafter entered a written Order on August 17, 2006 affirming and adopting my August 16, 2006 bench Order. Plaintiff thereafter filed a Notice of Appeal of my August 17, 2006 Order, and I enter this written Memorandum Opinion to supplement my August 16, 2006 bench Order and my August 17, 2006 written Order and to make it abundantly clear that Plaintiff has not been prejudiced by these Orders.

An appropriate Order follows.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| STANLEY J. CATERBONE, | : | Case No. 05-23059REF |
| Debtor | : | Chapter 11 |

| | | |
|---|---|---|
| STANLEY J. CATERBONE and ADVANCED MEDIA GROUP, | : : : | |
| Plaintiffs | : | |
| v. | : | Adv. No. 06-2236 |
| PPL ELECTRIC UTILITIES, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 31 day of August, 2006, based upon the discussion contained in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that the bench Order I entered on August 16, 2006, and the written Order I entered on August 17, 2006, denying Plaintiffs' Motion for Preliminary Injunction without prejudice due to Plaintiffs' failure to appear at the August 16, 2006 hearing are hereby AFFIRMED and ADOPTED herein.

BY THE COURT

_____
Richard E. Fehling
U.S. Bankruptcy Judge